UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN RUIZ,<br><br>                Plaintiff,<br>v.<br>NEVADA DEPARTMENT OF CORRECTION, *et al.*,<br><br>                Defendant. | Case No. 2:18-cv-00091-RFB-GWF<br><br>**AMENDED ORDER**<br><br>Application to Proceed *in Forma Pauperis* (ECF No. 4) and Screening of Complaint (ECF No. 1-2) |

This amended order replaces the order (ECF No. 7) entered on May 16, 2018.

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 4), filed February 1, 2018. The Court initially denied without prejudice Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), granting Plaintiff until February 22, 2018 to file a completed application or pay the $350 filing fee. *See* Order ECF No. 3. The Court will now review Plaintiff's renewed Application (ECF No. 4) and screen Plaintiff's Complaint (ECF No. 1-2).

## **BACKGROUND**

Plaintiff alleges that on or about January 2011 he was "sexually compromised and sexually abused" by a guard, Jeri Frederick ("Frederick") of the Lovelock Correctional Center ("LCC"). Plaintiff further asserts that he informed the doctor at LLC, Dr. Scott, of Frederick's behavior. Plaintiff was subsequently diagnosed with a sexually transmitted disease. Plaintiff fails to indicate the relief sought for these allegations.

. . .

. . .

# DISCUSSION

## I. Application to Proceed In Forma Pauperis

The Court's prior Order (ECF. No. 7) granting Plaintiff's *in Forma Pauperis* application is hereby <u>vacated</u>. The Court shall defer any ruling on Plaintiff's *in Forma Pauperis* application until such time as the parties have gone through mediation.

## II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*,

449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.     Instant Complaint**

Plaintiff's complaint provides the Court with no factual basis for his claims whatsoever and fails to list any counts which have violated his civil rights. It is not enough to simply state the nature of the cause of action, but the Plaintiff must take it one step further and allege which of his rights, if any, were specifically violated by the allegations set forth. The complaint appears to allege a claim against Defendant Fredrick for having "sexually compromised and sexually abused" Plaintiff (ECF No. 1-2) and other employees of the LLC and Nevada Department of Correction ("NDOC") who were made aware of Plaintiff's complaint and failed to adequately address the allegations. Moreover, the Complaint fails to indicate the relief sought by Plaintiff. This is simply inadequate and the Court cannot conduct a screening of Plaintiff's complaint. Therefore, the Court will dismiss Plaintiff's complaint with leave to amend. Plaintiff is advised that he must provide the court with a proper factual basis for his claims in his amended complaint and allege which specific civil rights have been violated.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint

supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order granting Plaintiff's Application to Proceed in forma Pauperis (ECF No. 7) is **vacated**.

**IT IS FURTHER ORDERED** that the Clerk of the Court reinstate Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 4) as an active, pending motion.

**IT IS FURTHER ORDERED** that a decision on Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 4) is deferred.

**IT IS FURTHER ORDERED** that Plaintiff does not have to pay the $350 filing fee for this case at this time. The Clerk of the Court shall send a copy of this order to the Nevada Department of Corrections and the District of Nevada's Finance Department.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **June 18, 2018,** to file an amended complaint correcting the noted deficiencies.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to file a timely amended complaint, the Court will dismiss this case with prejudice for failure to state a claim.

Dated this 16th day of May, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE