UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN RUIZ, | Case No. 2:18-cv-00091-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al*., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Re-Service of Summonses, Amended Complaint, and Screening Order.[1] ECF No. 37. Defendants have not filed an opposition to Plaintiff's Motion. The Court finds as follows.

On May 28, 2019, the Court screened Plaintiff's operative First Amended Complaint (ECF No. 12) and allowed Plaintiff's sexual assault claim, failure to protect claim, retaliation claim, due process in disciplinary hearings claim, deliberate indifference to serious medical needs claim, and deprivation of property claim to proceed against variously situated defendants. ECF No. 13 at 15–16. The Court also imposed a 90-day stay and referred this case to the Court's Inmate Early Mediation Program. *Id*. at 16. Thereafter, the Office of the Attorney General filed a status report indicating that settlement had not been reached and informed the Court of its intent to proceed with this action. ECF No. 20.

On August 27, 2019, this Court lifted the stay of this case, granted Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 4, 11), and directed:

> the Attorney's General Office [to] file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service[,] (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.

ECF No. 21 at 2.

---
[1] The Court has made typographical changes in the title of Plaintiff's Motion for the sake of clarity.

1

On September 17, 2019, the Office of the Attorney General filed a Notice of Acceptance of Service on behalf of Defendants Tara Carpenter and David Carpenter. ECF No. 22 at 1. The Attorney General also advised the Court and Plaintiff that it did not accept service on behalf of Defendants Celia Chacon, Robert LeGrand, Quentin Byrne, John Scott, Paul Simms, Adrian Garcia, Richard Garcia, Raul Rosas or "Kerri." *Id*. On that same date, the Attorney General filed the last known addresses for all defendants except Kerri and Fredericks. ECF No. 23.[2] The Attorney General failed to advise the Court whether he had identified Defendant Fredericks and would accept service for Fredericks or, if he could identify Fredericks but would not accept service for this defendant, if he had a last known address for this individual.

On November 22, 2019, Plaintiff filed a Motion for a 90 Day Extension of Time to effect service on each Defendant. ECF No. 32. On December 4, 2019, this Court granted Plaintiff's Motion for Extension of Time to the extent it requested service on the eight named, but yet unserved defendants. ECF No. 34 at 2. The Court denied the motion in all other respects as moot. *Id*. The Court advised Plaintiff that if service on any of the defendants was not perfected, and Plaintiff wanted to have service attempted again, Plaintiff had to file a motion and, to the extent available, provide more-detailed information regarding how service should be attempted. *Id*. at 3. That same day, the U.S. Marshal's Office issued summonses as to the eight defendants. ECF No. 35.

On January 2, 2020, prior to service of any of the summonses, Plaintiff filed the instant Motion requesting another attempt of service on Defendant Jeri Fredericks and the defendant now identified as Carey. After Plaintiff filed the present Motion, summonses were returned executed as to Robert LeGrand (ECF No. 41), Quentin Byrne (ECF No. 45), John Scott (ECF No. 38), Adrian Garcia (ECF No. 40), and Raul Rosas (ECF No. 42). However, summonses were returned unexecuted as to Celia Chacon (ECF No. 51), Paul Simms (ECF No. 44), and Richard Garcia (ECF No. 39). Specifically, the U.S. Marshal's Office reported that Chacon and Garcia no longer reside at the addresses provided by Plaintiff and that Simms is now deceased. Plaintiff has not filed a

---

[2] The Attorney General explained that he was not authorized to accept service on behalf of Defendant Kerri and had no last known address for this individual because the Attorney General could not identify any current or former employee of the Nevada Department of Corrections by that name. ECF No. 22 at 1-2.

1 | motion requesting another attempt of service on Defendants Chacon and/or Garcia.  Plaintiff states
2 | that these defendants worked as correctional officers for the Nevada Department of Corrections at
3 | the Lovelock Correctional Center and, further, corrected the name "Kerri" to "Carey."  ECF No. 37
4 | at 3.  Liberally construed, Plaintiff's Motion also states a desire to have service attempted again on
5 | these defendants.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Re-Service of Summonses, Amended Complaint, and Screening Order (ECF No. 37) is GRANTED in part, and DENIED in part.

Plaintiff's Motion is GRANTED to the extent that within **ten (10) days** of the date of this Order, the Attorney General's Office:

- <u>shall</u> file a notice stating whether it has identified Defendants Jeri Fredericks and Carey and provide: (a) the corrected name(s) of the Defendant(s), if any, for whom it accepts service; (b) the name(s) of the Defendant(s) for whom it does not accept service, and (c) the names of the Defendant(s) for whom it is filing the last-known-address information under seal.  As to any of these Defendants for whom the Attorney General's Office does not accept service, the Office <u>shall</u> file, under seal, but <u>shall not</u> serve the inmate Plaintiff the last known address(es) of those Defendant(s) for whom it has such information.  If the last known address(es) of the Defendant(s) is a post office box, the Attorney General's Office <u>shall</u> attempt to obtain and provide the last known physical address(es);

- <u>shall</u> advise the Court whether it is able to find an alternative physical address for Defendants Celia Chacon and Richard Garcia.  If a more current address is secured for these Defendants, the Court will direct the U.S. Marshal to again attempt to effect service; and,

3

1     •  <u>shall</u> file a suggestion of death on the record for Defendant Paul Simms.

Plaintiff's Motion is DENIED without prejudice and held in abeyance to the extent it requests another attempt of service on Defendants Jeri Fredericks and Carey.

DATED THIS 23rd day of March, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE