UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN RUIZ,<br><br>        Plaintiff,<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>        Defendants. | Case No. 2:18-cv-00091-RFB-EJY<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion for Re-Service of Summonses, Amended Complaint, and Screening Order.[1] ECF No. 37. On March 23, 2020, this Court granted Plaintiff's Motion to the extent that the Attorney General's Office was required to file a notice:

> stating whether it has identified Defendants Jeri Fredericks and Carey and provid[ing]: (a) the corrected name(s) of the Defendant(s), if any, for whom it accepts service; (b) the name(s) of the Defendant(s) for whom it does not accept service, and (c) the names of the Defendant(s) for whom it is filing the last-known-address information under seal. . . . ;
>
> . . . advis[ing] the Court whether it is able to find an alternative physical address for Defendants Celia Chacon and Richard Garcia. If a more current address is secured for these Defendants, the Court will direct the U.S. Marshal to again attempt to effect service; and,
>
> . . . suggesti[ng] . . . death on the record for Defendant Paul Simms.

ECF No. 62 at 3–4. Plaintiff's Motion was denied without prejudice and held in abeyance to the extent it requested another attempt of service on Defendants Jeri Fredericks and Carey. *Id*. at 4.

On April 8, 2020, the Attorney General filed his Notice of Compliance, advising the Court that he did not accept service of process on behalf of Defendants Jeri Frederick (previously identified as "Jeri Fredericks"), Celia Chaco (previously identified as "Celia Chacon"), and Richard Garcia. ECF No. 63 at 1–2. None of these former Nevada Department of Corrections employees requested representation by the Attorney General and, therefore, he does not have authority to accept service on their behalf. *Id*. The Attorney General filed the last known physical addresses of Defendants

---

[1] The Court has made typographical changes in the title of Plaintiff's Motion for the sake of clarity.

1

Celia Chaco and Richard Garcia under seal (ECF No. 66), but was only able to locate a Post Office box for Defendant Jeri Frederick (ECF No. 63 at 1–2). In addition, the Attorney General was unable to identify Defendant Carey and, therefore, did not accept service on his or her behalf or provide a last known physical address for this individual. *Id*. at 2.

In further compliance with the Court's March 23, 2020 Order, the Attorney General filed a suggestion of death on the record for Defendant Paul Simms.[2] ECF No. 64.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Re-Service of Summonses, Amended Complaint, and Screening Order (ECF No. 37), to the extent it requests another attempt of service on Defendants Jeri Frederick and Carey, is GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that the Clerk of Court shall issue summons for Defendants Celia Chaco and Richard Garcia. The Clerk of Court shall send the summonses to the U.S. Marshal with the addresses provided under seal for these two individuals (ECF No. 66).

IT IS FURTHER ORDERED that the Clerk of Court shall send **two** copies of the Amended Complaint (ECF No. 12), **two** copies of the Court's Screening Order (ECF No. 13), and **two** copies of this Order to the U.S. Marshal for service on these Defendants.

IT IS FURTHER ORDERED that the Clerk of Court shall send **two** USM-285 forms to Plaintiff.

IT IS FURTHER ORDERED that Plaintiff shall have until **May 11, 2020** to complete the USM-285 service forms and return them to the U.S. Marshal, United States Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED that the U.S. Marshal **shall** attempt to effect service within **fifteen (15) days** of the date he receives Plaintiff's USM-285.

---

[2] Fed. R. Civ. P. 25(a)(1) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

IT IS FURTHER ORDERED that Plaintiff shall have **21 days** from the date the U.S. Marshal returns to Plaintiff a copy of the USM-285 forms showing whether service has been accomplished to file a notice with the Court stating whether each of the defendants named above was served.

IT IS FURTHER ORDERED that Plaintiff shall have until **May 11, 2020** to advise the Court whether he seeks to effect service by publication on Defendant Jeri Frederick.[3]

IT IS FURTHER ORDERED that Plaintiff shall have until **May 11, 2020** to file a motion providing more-detailed information regarding the defendant currently identified only as "Carey." Absent good cause, this is the last time Plaintiff shall be permitted to attempt to identify Defendant Carey.

If Plaintiff fails to follow this Order, Plaintiff's claims against Defendants Celia Chaco, Richard Garcia, Jeri Fredericks, and Carey may be subject to dismissal for failure to complete service of process pursuant to Fed. R. Civ. P. 4(m).

DATED THIS 9th day of April, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[3] Fed. R. Civ. P. 4(e) governs service of individuals located within a judicial district of the United States. Rule 4(e)(1) provides that service is proper by serving an individual in accordance with the law of the state where the district court is located or where service is made. In turn, the Nevada Rules of Civil Procedure ("NRCP") allow for service by publication. A litigant who desires to effect service by publication must meet eight requirements under NRCP 4.4(c)(1)–(2).

3