UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN MANUEL RUIZ,<br><br>　　　　　Plaintiff,<br>V.<br><br>NEVADA DEPTARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-00091-RFB-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>**Re: ECF Nos. 78 and 79** |

　　　This matter comes before the Court on Plaintiff's Motion for Substitution Request and Notice … Weather [sic] Each Defendant Named … Were [sic] Served. ECF No. 78. No response to this motion was filed. Also before the Court is Plaintiff's Motion to the Court … for the Re-Service of Summons (ECF No. 79).

**BACKGROUND**

　　　There is a somewhat lengthy history of attempts to identify and effect service on various named defendants in this case that is found in the Court's Orders entered between October 2019 and April 2020. Plaintiff now seeks clarification regarding service on defendants and the substitution of Defendant Paul Simms who passed away. ECF No. 78. Defendants Dr. John Scott, Adrian Garcia, Robert LeGrand, Quentin Byrne, David Carpenter, and Tara Carpenter were served and are represented by the Nevada Attorney General's Office.

　　　With respect to defendants "Carey" and Jeri Frederick, they remain unserved. Despite substantial opportunity to do so, Plaintiff is not able to identify defendant Carey except by her potential last name. Defendants are also unable to identify this individual. The Court's last Order warned Plaintiff that unless additional information was provided regarding defendant Carey by May 11, 2020, the Court would recommend dismissal of this defendant. No additional information regarding defendant Carey was provided by Plaintiff.

　　　With respect to Jeri Frederick, Plaintiff was given until May 11, 2020 to advise the Court whether he wished to effect service by publication. Plaintiff failed to meet this deadline. This leaves

1

1   only defendant Celia Chacon ("Chacon") as unserved. Chacon was located by the U.S. Marshal
2   Service at the "Stewart Facility in Carson City." ECF No. 77.
3   　　　A Suggestion of Death was filed by Counsel for Defendant Paul Simms on April 8, 2020.
4   ECF No. 64. The proper party to substitute of Defendant Simms was not identified in this filing. *Id*.
5   Plaintiff's Motion for Substitution Request (ECF No. 78) was filed on July 9, 2020.

**DISCUSSION**

A.   Service of Defendant Chacon at the Stewart Facility.

　　　Plaintiff properly identified Defendant Chacon for service. However, when service was attempted, the U.S. Marshal Service learned that Chacon is now located at the "Stewart Facility in Carson City." ECF No. 77. Therefore, the Court will order the U.S. Marshal Service to effect service of Defendant Chacon at the Stewart Facility unless the Nevada Attorney General files a notice of acceptance of service for this individual.

B.   The Court Recommends Defendants Carey and Frederick be Dismissed.

　　　Rule 4(m), Federal Rule of Civil Procedure, requires service of a summons and complaint within 90 days of filing a complaint. A pro se prisoner, although granted some leniency, must comply with this Rule. *Starr v. Alameda Cty.*, No. C 12-4400 RMW (PR), 2015 WL 581333, at *9 (N.D. Cal. Feb. 11, 2015) (citing *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir.1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he provided the U.S. Marshal with sufficient information to effectuate service)). Plaintiff, a pro se prisoner, received substantial and multiple opportunities to identify and serve all defendants in this case. Plaintiff was warned that failure to serve Defendants could result in dismissal. ECF No. 67 at 3. Plaintiff failed to provide sufficient information to effectuate service on the defendant identified as "Carey," and failed to file a motion seeking to serve defendant Frederick through publication. Therefore, the Court recommends dismissal of these defendants.

C.   Plaintiff's Motion to Substitute Party is Denied Without Prejudice.

　　　Following the death of Defendant Paul Simms, Defendants filed their Suggestion of Death. ECF No. 64. Rule 25(a) authorizes the substitution of proper parties if a party dies and the claim is not extinguished. Fed. R. Civ. P. 25(a)(1). Any party or the decedent's successor or representative

may make a motion for substitution. *Id.* If a motion for substitution is not made within ninety days after service of a statement noting death, the action must be dismissed with respect to the decedent. *Id.* However, "Rule 25(a)(3) requires not only the filing of a notice of suggestion of death with the court and service of the notice on plaintiff, but also service of the notice on the proper party to be substituted in the place of the deceased." *McNeal v. Evert*, Case No. 2:05-cv-441-GEB-EFB, 2015 WL 1680496, at *2 (E.D. Cal. Apr. 14, 2015) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Defendants did not serve their suggestion of death on the proper party to be substituted; therefore, the ninety-day period within which to file a Motion for Substitution has not commenced.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Substitution Request (ECF No. 78) is DENIED without prejudice.

IT IS FURTHER ORDERED that within fifteen (15) days of the date of this Order Defendants shall refile their suggestion of death serving Plaintiff and, if known, the proper party to be substituted in the place of the deceased. If the party to be substituted is not known by Defendants, Defendants shall file a report with the Court providing information regarding reasonable attempts to locate the proper substituted party and the results of those efforts.

IT IS FURTHER ORDERED that within fifteen (15) days of the date of this Order, the Nevada Attorney General shall file a notice with the Court stating whether he will accept service of process for Celia Chacon, now located at the Nevada Department of Corrections Stewart Facility in Carson City, Nevada.

IT IS FURTHER ORDERED that, if the Nevada Attorney General does not accept service for Celia Chacon, the U.S. Marshal Service shall be requested to effect service of Defendant Celia Chacon at the Stewart Facility located in Carson City, Nevada.

IT IS FURTHER ORDERED that Plaintiff's Motion to The Court … for the Re-Service of Summons' (ECF No. 79) is DENIED as Moot.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Defendants Jeri Frederick and Carey be dismissed without prejudice for failure to timely serve these defendants.

Dated this 7th day of August, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).