**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JOHN RUIZ, | Case No. 2:18-CV-00091-RBF-EJY |
| Plaintiff, | **ORDER** |
| v. | Defendants' Motion to Dismiss (ECF No. 29) |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al*., | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is Defendants David Carpenter and Tara Carpenter's Motion to Dismiss (ECF No. 12) Plaintiff's First Amended Complaint. ECF No. 29.

## II.   BACKGROUND

On January 16, 2018, Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") initiated this action. ECF No. 1. On May 16, 2018, this Court issued a screening order that dismissed Plaintiff's complaint without prejudice for failure to adequately state a claim. ECF No. 8. Plaintiff filed the operative Amended Complaint on August 23, 2018 alleging more specific allegations under 42 U.S.C. § 1983, including those at issue in the instant motion. ECF No. 12. This Order incorporates by reference the factual background described in the screening order on amended complaint's "Section III." ECF No. 13 at 4-9.

In relevant part, the screening order of the Amended Complaint allowed Plaintiff to proceed on the following four claims against the defendants associated with this Motion to Dismiss:

(1) One claim of failure to protect against D. Carpenter,

(2) One First Amendment retaliation claim against D. Carpenter, LeGrand, Bryne, Garcia, and T. Carpenter.

1      (3) One claim of a due process violation in disciplinary hearings against D. Carpenter; and

2      (4) One Eighth Amendment claim of deliberate indifference to serious medical needs

3         against Scott.

4  ECF No. 13 at 15-16.

5      On October 28, 2019, Defendants T. Carpenter and D. Carpenter filed their Motion to

6  Dismiss Plaintiff's First Amended Complaint. ECF No. 29. Responses were due by November 11,

7  2019, but nothing was filed on or before that date. On February 21, 2020, Defendant Dr. John Scott

8  filed a Joinder to the Motion to Dismiss. ECF No. 56. On March 4, 2020, Defendants Robert

9  LeGrand, Quentin Bryne, and Adrian Garcia each filed a Joinder to the Motion to Dismiss. ECF

10  Nos. 57, 58, & 59. On April 28, 2020, Plaintiff filed his response to Defendants' Motion to

11  Dismiss. ECF No. 70. On May 4, 2020, Defendants responded to Plaintiff's response. ECF No.

12  72.

13  **III.    LEGAL STANDARD**

14      **A.  Motion to Dismiss**

15      An initial pleading must contain "a short and plain statement of the claim showing that the

16  pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to

17  state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to

18  dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

19  are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs.,

20  Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

21      To survive a motion to dismiss, a complaint need not contain "detailed factual allegations,"

22  but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements

23  of a cause of action...." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp.

24  v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains

25  "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

26  meaning that the court can reasonably infer "that the defendant is liable for the misconduct

27  alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on

28  the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive

1    dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences

2    from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S.

3    Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

4             **IV. DISCUSSION**

5             **A. Statute of Limitations of Plaintiff's Claims**

6             **1. Legal Standard**

7             "The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the

8    personal injury statute of limitations of the state in which the cause of action arose." Alameda

9    Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011). The applicable

10   Nevada statute of limitations, N.R.S. § 11.190(4)(e), establishes a 2-year statute of limitations for

11   personal injury caused by the wrongful acts or negligence of another. See Rosales-Martinez v.

12   Palmer,    753    F.3d    890,    895    (9th    Cir.    2014) (citing N.R.S.    §    11.190(4)(e)).

13   The statute of limitations period accrues when a party "knows or has reason to know of the

14   injury." Golden Gate Hotel Ass'n v. City and Cty. of San Francisco, 18 F.3d 1482, 1486 (9th Cir.

15   1994).

16            Defendants generally argue that, since the last alleged unconstitutional conduct by

17   Defendants took place on May 14, 2015 (and earlier for most Defendants), and none of the events

18   took place within the two years prior to the filing of First Amended Complaint on August 23, 2018

19   (or even the initiation of the action on January 16, 2018), Plaintiff's claims are time barred under

20   Nevada's statute of limitations. ECF No. 29 at 57-59. Defendants further claim that the Plaintiff

21   failed to oppose the statute of limitations argument in his reply, and so concedes that argument.

22   ECF No. 72 at 2-3.

23            Plaintiff's response did not specifically address the statute of limitations issue raised by

24   Defendants. ECF No. 70. Plaintiff does state, though, that he responded to the violations soon after

25   they happened by filing inmate grievances. For example, he writes, "Plaintiff….did in fact

26   immediately attempt to submit many inmate grievances against the defendants at Lovelock

27   Correctional Center, during the times of the incidents there." Id. at 2.  Plaintiff alleges his numerous

28   grievances were either ignored and denied, and after some of the Defendants verbally mocked him

and had him transferred to High Desert State Prison on September 9, 2015, Plaintiff told him that he would file two 42 U.S.C. § 1983 lawsuits against them. Id. at 45. One of lawsuits is this instant case, and another of which is Case No. 2:16-cv-00931-APG-VCF[1]. Id.  The Court interprets this as Plaintiff claiming that the statute of limitations should be tolled because Plaintiff sought to respond diligently after the incidents and seek remedies, but that Defendants delayed him.

### 2.  Failure to Protect Claim Against D. Carpenter

Plaintiff states that Defendant D. Carpenter knew Defendant Fredericks had sexual contact with Plaintiff but failed to report the abuse or take any action to prevent it. ECF No. 12 at 9-10, ECF No. 13 at 10.  The facts surrounding the failure to protect claim against D. Carpenter occurred around early 2011. Id. Plaintiff claims that on February 9, 2011, D. Carpenter conspired with other defendants to falsely accuse Plaintiff of compromising staff with a "charge of MJ51" threatened Plaintiff to take a deal to cover up for Defendant Fredericks, and knew Defendant Fredericks had sexual contact with Plaintiff. ECF No. 12 at 9; ECF No. 13 at 6.

The applicable Nevada statute of limitations for Plaintiffs' claims is two years. N.R.S. § 11.190(4)(e). This complaint was filed in 2018, and the facts surrounding this claim are from 2011, Therefore, Plaintiff's failure to protect claim is time barred.

### 3.  First Amendment Retaliation Claim against D. Carpenter, LeGrand, Bryne, Garcia, and T. Carpenter

Plaintiff alleges that on May 17, 2011, he was transferred to a maximum-security facility in retaliation for exercising his First Amendment right to file prison grievances. ECF No. 12 at 13; ECF No. 13 at 7, 11. On March 4, 2020, LeGrand, Bryne, and Garcia each filed a joinder to Defendants T. Carpenter and D. Carpenter's Motion to Dismiss, stating that their alleged conduct on May 17, 2011 falls outside of the statute of limitations.

With respect to T. Carpenter, the facts around the retaliation against her are from April 18, 2011 (ECF No. 13 at 7), May 17, 2011 (Id.), May 16, 2013 (Id. at 9), and May 14, 2015 (Id. at 7, 9) in which T. Carpenter allegedly directed the transfer of Plaintiff to Ely State Prison, a maximum

---

[1] This case does not raise the same claims at issue in this case. Plaintiff could have raised the claims in the current case in the 2016 action he filed but he did not.

1    security facility.

2         The applicable Nevada statute of limitations for Plaintiff's retaliation claim is two

3    years. N.R.S. § 11.190(4)(e). Therefore, the statute of limitations on this claim expired on May 17,

4    2013 for Defendants D. Carpenter, LeGrand, Bryne, and Garcia. As for T. Carpenter, the statute

5    of limitations expired May 14, 2017. Plaintiff did not file his complaint until 2018. Therefore,

6    Plaintiff's First Amendment retaliation claim is time barred against all Defendants.

7         **4.  Due Process Claim in Disciplinary Hearings against D. Carpenter**

8         Plaintiff alleges that on February 9, 2011, Defendants D. Carpenter and Simms conspired

9    to deny his request to call Defendant Fredericks to be present as a witness at Plaintiff's disciplinary

10   hearing on March 9, 2011. ECF No. 12 at 10, ECF No. 13 at 6.

11        The applicable Nevada statute of limitations for Plaintiff's claims is two years. N.R.S. §

12   11.190(4)(e). Therefore, the statute of limitations on this claim expired on February 9, 2013.

13   Plaintiff did not file his complaint until 2018. Therefore, Plaintiff's Due Process claim is time

14   barred.

15        **5.  Eighth Amendment Claim of Deliberate Indifference to Serious Medical**

16        **Needs against Scott**

17        Plaintiff alleges that on April 18, 2011, Dr. Scott performed a physical examination of

18   Plaintiff and then around that time, Dr. Scott refused to provide medical treatment for Plaintiff's

19   sexually transmitted disease. ECF No. 12 at 12, ECF No. 13 at 7. On February 21, 2020, Scott

20   filed a joinder to Defendants T. Carpenter and D. Carpenter's Motion to Dismiss, stating that his

21   alleged conduct on April 18, 2011 falls outside of the statute of limitations. ECF No. 56.

22        The applicable Nevada statute of limitations for Plaintiff's deliberate indifference claim is

23   two years. N.R.S. § 11.190(4)(e). Therefore, the statute of limitations on this claim expired on

24   April 18, 2013. Plaintiff did not file his complaint until 2018. Therefore, Plaintiff's Eighth

25   Amendment claim is time barred.

26        **6.  Equitable Tolling**

27        **a.  Legal Standard**

28        State law governs the application of tolling doctrines when not inconsistent with federal

5

1    law. See Hardin v. Straub, 490 U.S. 536, 537-39 (1989). However, "federal law determines when

2    a cause of action accrues and the statute of limitations begins to run for a [Section]

3    1983 claim." Rosales-Martinez, 753 F.3d at 895. Ordinarily, the claim accrues "when the plaintiff

4    knows or has reason to know of the injury which is the basis of the action." Id.  The Nevada

5    Supreme Court adopted the Ninth Circuit's rule that "…if a reasonable plaintiff would not have

6    known of the existence of a possible claim within the limitations period, then equitable tolling will

7    serve to extend the statute of limitations for filing suit until the plaintiff can gather what

8    information he needs." See, e.g., City of N. Las Vegas v. State Local. Gov't Bd., 127 Nev. 631,

9    639-40 (Nev. 2011) (quoting Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051

10   (9th Cir. 2008).

**b. Analysis**

12   Plaintiff suggests in his reply to the Motion to Dismiss that his claims should be equitably

13   tolled because he diligently filed prison grievances soon after the incidents happened. ECF No. 70

14   at 2. In his reply, Plaintiff submits several inmate grievances dated 2011 to 2016, several of which

15   contain claims against Defendants. ECF No. 70 at 47-112. These filed grievances indicate that

16   Plaintiff knew or had reason to know about his injuries. The facts around the claims against the

17   defendants who filed the Motion to Dismiss or Joinder mostly occurred in 2011. The facts around

18   the retaliation claim against T. Carpenter occurred predominantly in early 2011, with one event in

19   2013 and another in 2015. ECF No. 13 at 5-6, 7-9. Plaintiff did not file his Complaint within the

20   two-year statute of limitations for any of these incidents. Plaintiff's grievances are not a substitute

21   for the filing of federal action. Moreover, Plaintiff did file a federal lawsuit (Case No. 2:16-cv-

22   00931-APG-VCF) prior to this one which could have included some of the claims at issue in this

23   case. He chose not to do so. The Court declines therefore to find that equitable tolling should toll

24   the statute of limitations as Plaintiff had knowledge of the alleged conduct and access to the

25   necessary information to bring his claims well before he filed his initial complaint in January 2018.

26   Therefore, the Court holds that Plaintiff's claims against the Defendants bringing the instant

27   motion are time-barred.

28

1

## V.  CONCLUSION

2          **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 29) is

3    GRANTED. The claims against Defendants David Carpenter, Tara Carpenter, Dr. John Scott,

4    Robert LeGrand, Quentin Bryne, and Adrian Garcia are dismissed.

5

6          DATED: October 26th, 2020

7

8                                                                 _____

**RICHARD F. BOULWARE, II**

9                                                                 **UNITED STATES DISTRICT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28