1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN MANUEL RUIZ,

Plaintiff,

v.

NEVADA DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.

Case No. 2:18-cv-00091-RFB-EJY

**ORDER**

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 80) of the Honorable Elayna J. Youchah, United States Magistrate Judge, entered August 7, 2020.

## II. PROCEDURAL BACKGROUND

Magistrate Judge Youchah's recommends that Defendants Jeri Fredericks and Carey (spelled "Kerri" in the docket, amended to "Carey" as stated in [ECF No. 62] Order) be dismissed without prejudice because they remain unserved. ECF No. 80. Plaintiff objects to the Report and Recommendation. ECF No. 81. After receiving an extension (ECF No. 85), Defendant responds. ECF No. 93.

## III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. §

636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

### IV. DISCUSSION

On August 23, 2018, Plaintiff filed the operative First Amended Complaint. ECF No. 12. In her Report and Recommendation dated August 7, 2020, Magistrate Judge Youchah states that Defendants Carey and Jeri Fredericks remain unidentified and unserved despite substantial opportunity for Plaintiff to do so, and therefore should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. ECF No. 80. The latest Order that provided Plaintiff direction regarding service on the two defendants was issued on April 9, 2020. ECF No. 67. The Order stated, inter alia, that Plaintiff had until May 11, 2020 to "file a motion providing more detailed information regarding the defendant currently identified only as 'Carey.' Absent good cause, this is the last time Plaintiff shall be permitted to attempt to identify Defendant Carey." Id. at 2. Plaintiff failed to provide additional information. The Court further ordered that Plaintiff shall have until May 11, 2020 to advise the Court whether he seeks to effect service by publication on Defendant Jeri Fredericks. Id. Plaintiff failed to meet the deadline.

In his objection to Magistrate Judge Youchah's recommendation, Plaintiff argues that he wrote a motion advising the Court that he sought to effect service by publication on Defendant Jeri Fredericks and provides his inmate account transaction request No. 2375598 for the submission. ECF No. 81. He also states that in his (ECF No. 79) Motion for Re-Service of Summons, dated August 7, 2020, he wrote about his concerns serving Jeri Fredericks and Carey. Plaintiff requests to effect service by publication on Defendant Jeri Fredericks, seeks additional time to serve Defendants, and for the Court to order that the Defendants represented by the Attorney General's Office to be questioned regarding their knowledge of Fredericks and Carey's address.

Defendants Dr. John Scott, Adrian Garcia, Quentin Byrne, David Carpenter, Tara Carpenter, and Robert LeGrand—who have since been dismissed from the case pursuant to (ECF

No. 96) Order on Defendants Motion to Dismiss—do not take a position on Plaintiff's requests for service by publication and for additional time. ECF No. 93. They oppose the request for the court to question them about their knowledge of Fredericks and Carey's address.

The Court reviewed the record in this case and concurs with the Magistrate Judge's recommendations. Rule 4(m) in the Federal Rule of Civil Procedure requires service of a summons and complaint within 90 days of filing a complaint. Although granted some leniency, a pro se prisoner still needs to comply with this Rule. Starr v. Alameda Cty., No. C 12-4400 RMW (PR), 2015 WL 581333, at *9 (N.D. Cal. Feb. 11, 2015) (citing Walker v. Sumner, 14 F.3d 1415, 1421–22 (9th Cir.1994). Plaintiff received substantial and multiple opportunities to identify and serve all defendants in this case since the operative First Amended Complaint was filed on August 23, 2018. See ECF Nos. 34, 62, 67, 80. Plaintiff has been warned that failure to serve Defendants could result in dismissal. ECF No. 67 at 3. Therefore, Defendants Jeri Fredericks and Carey shall be dismissed without prejudice for failure to timely serve these defendants.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that the Report and Recommendation [ECF No. 80] is ACCEPTED and ADOPTED in full. Defendants Jeri Fredericks and Carey shall be dismissed without prejudice.

DATED: July 28, 2021.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**