UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN RUIZ,<br><br>    Plaintiff,<br><br>v.<br><br>NEVADA DEPT. OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-00091-RFB-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Response to the Order to Show Cause ("OSC") why this case should not be dismissed. ECF No. 102.

**I.   BACKGROUND**

Plaintiff originally asserted several constitutional claims against eighteen defendants. ECF No. 12. As of August 23, 2018, all Defendants except three were dismissed. *See* the OSC (ECF No. 101) at 1. The three remaining Defendants include Richard Garcia, Celia Chacon, and Raul Rosas against whom a clerk's default was entered on May 7, 2020. ECF No. 101. In the Court's Order of June 2, 2022, it required Plaintiff to show cause why his case should not be dismissed for failure to serve Chacon and Garcia, as well as for failure to prosecute default judgment against Rosas. *Id*. Plaintiff filed his response on June 27, 2022.

In Plaintiff's response to the OSC, he reiterates efforts to serve the remaining Defendants in 2019 and 2020, which the Court identified in its June 2, 2022 Order. *Compare* ECF Nos. 101 and 102 at 1-2. Plaintiff also raises issues with respect to the law librarian at High Desert State Prison ("HDSP") allegedly denying his access to the courts while further arguing COVID also limited his court access. Unrelatedly, Plaintiff asks the Court to order HDSP to move him to an outside hospital. ECF No. 102 at 2-3. These concerns do not address the fact that there is no good address for Garcia or Chacon and repeated efforts to serve them have failed. ECF No. 101 at 1-2. Plaintiff also does not even touch upon his failure to seek default judgment against Rosas.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) requires a complaint to be served within 90 days of filing. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. If the U.S. Marshal in the district in which a prisoner brings a claim cannot "effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal." *Haskins v. Ayers*, Case No. C 08-02226 CW (PR), 2010 WL 539864, at *1 (N.D. Cal. Feb. 9. 2010) (internal citations omitted). In this case, despite several requests for addresses and attempts at service, Garcia and Chacon have not been served. *See* ECF No. 101 at 1-2. It is Plaintiff's responsibility to provide good addresses for defendants he seeks to serve. *Hamilton v. Thompson*, Case No. C 09–00648 CW (PR), 2010 WL 4942276, at *1 (Nov. 24, 2010) (internal citations omitted). In his current filing, Plaintiff offers no new information regarding the whereabouts of either of these individuals. "When advised of a problem accomplishing service, a *pro se* litigant must attempt to remedy any apparent defects of which [he] has knowledge." *Id*. (internal citation and quote marks omitted). Plaintiff was advised of the problem regarding failing to serve Garcia and Chacon, and provides nothing that would allow for service at this belated date. This leads the Court to recommend Plaintiff's claims against these two Defendants be dismissed without prejudice.

With respect to Rosas, the Court will grant Plaintiff one additional thirty (30) day period within which to seek a default judgment. The Court refers Plaintiff to Rule 55(b) of the Federal Rules of Civil Procedure and the factors he must establish under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). These favors include "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. at 1472.

### III.   ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff must move for default judgment against Defendant Raul Rosas no later than **September 1, 2022**.  Failure to do so will result in a recommendation to dismiss this defendant without prejudice.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Defendants Celia Chacon and Richard Garcia be dismissed without prejudice for failure to effect service.

Dated this 2nd day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).