UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN RUIZ, | Case No. 2:18-cv-00091-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

**I.     INTRODUCTION**

Before the Court are: Magistrate Judge Elayna J. Youchah's Report and Recommendation (ECF No. 103) and Plaintiff John Ruiz's Motion to Extend Time (ECF No. 105) and Motion regarding Clerk's Error (ECF No. 106).

On January 16, 2018, Plaintiff, who was convicted and is in the custody of the Nevada Department of Corrections ("NDOC") initiated this action. ECF No. 1. On May 16, 2018, this Court issued a screening order that dismissed Plaintiff's complaint without prejudice for failure to adequately state a claim. ECF No. 8.

Plaintiff then filed the operative Amended Complaint on August 23, 2018, suing, *inter alia*, Defendant Raul Rosas, an NDOC correctional officer, for events that took place while Plaintiff was incarcerated at the Lovelock Correctional Center ("LCC"). ECF No. 12. The Court screened the Amended Complaint allowing, as relevant here, Plaintiff's First Amendment retaliation claim to proceed against, *inter alia*, Defendant Rosas for transferring him, in May 2011, to a maximum-security facility in retaliation for filing grievances about being sexually assaulted by a prison guard. Id. It also allowed Plaintiff's deprivation of property claim against Defendant Rosas for breaking

Plaintiff's television while preparing Plaintiff for transport, which the Court interpreted as an authorized, intentional deprivation. Id. The Court did not allow any Eighth Amendment based claims to proceed against Rosas.

On May 5, 2020, Plaintiff filed a Motion for Entry of Clerk's Default. ECF No. 73. Two days later, the Clerk of the Court entered Default against Defendant Rosas indicating that Defendant had failed to plead or otherwise defend in this action. ECF No. 74.

On October 26, 2020, the Court granted Defendants David and Tara Carpenter's Motion to Dismiss. ECF Nos. 29, 96. The Court dismissed Plaintiff's claims against Defendants other than Rosas. See ECF No. 96.

## II. THE REPORT AND RECOMMENDATION

The Court first addresses Magistrate Judge Youchah's pending Report and Recommendation. On August 2, 2022, Magistrate Judge Youchah recommended that Defendants Celia Chacon and Richard Garcia be dismissed without prejudice for failure to effect service. Objections were due by August 16, 2022. Id. Plaintiff responded on August 17, 2022.

a. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object to a magistrate judge's findings and recommendations, a district court is not required to conduct "any review," de novo or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

b. Discussion

Plaintiff's response indicates that he does not oppose the dismissal of Celia Chacon or Richard Garcia. Therefore, Defendants Chacon and Garcia shall be dismissed without prejudice

for failure to timely serve these Defendants. Accordingly, Defendant Rosas is the last remaining Defendant.

### III. MOTION FOR DEFAULT JUDGMENT

Next, the Court addresses Plaintiff's Motion to Extend Time, which it construes as a Motion for Default Judgment. See Henry v. Adventist Health Castle Med. Ctr., 363 F. Supp. 3d 1128, 1132 (D. Haw. 2019) ("Generally, the Court construes pro se filings liberally."). The Court finds that it was filed in compliance with the Magistrate Judge's August 2, 2022, Order.

Since the Screening Order, a clerk's default was entered against Defendant Rosas on May 7, 2020. On June 2, 2022, Magistrate Judge Youchah ordered Plaintiff to show cause why, despite the entry of Clerk's default, Plaintiff had failed to prosecute his case against Defendant Raul Rosas. After Plaintiff filed a response, Magistrate Judge Youchah ordered Plaintiff to move for default judgment against Defendant Rosas no later than September 1, 2022. She explained to Plaintiff that a failure to do so would result in a recommendation to dismiss this defendant without prejudice. Id.

#### a. Legal Standard

Pursuant to the Federal Rules of Civil Procedure, the entry of default is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the complaint. Fed. R. Civ. P. 55(a). There is no right to a default judgment; its entry is entirely within the discretion of the district court. See Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986); see also Rashidi v. Albright, 818 F. Supp. 1354, 1356 n.4 (D. Nev. 1993). Defaults are generally disfavored, Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." See McMillen v. J.C. Penney Co., Inc., 205 F.R.D. 557, 558 (D. Nev. 2002) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel, 782 F.2d at 1471. The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom

the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

The second step is entry of a default judgment under Rule 55(b), either the clerk enters judgment (only where the plaintiff's claim is for a certain sum or where a sum can be made certain by computation), see Federal Rule of Civil Procedure 55(b)(1), or the party must apply to the Court for default judgment, see Federal Rule of Civil Procedure 55(b)(2).[1] Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72.

If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

### b. Discussion

First, the Court finds that Plaintiff satisfied the first step of Rule 55. A clerk's default was entered against Defendant Rosas on May 7, 2020.

Second, however, the Court finds that Plaintiff has not satisfied the second step of Rule 55. The Court now proceeds to address Plaintiff's motion applying the Eitel factors.[2] In doing so, the Court concludes that default judgment against Rosas is not warranted.

#### i. First and Sixth Factors

The First and Sixth Factors favor granting default judgment because Rosas failed to

---

[1] Under Rule 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55.

[2] Rosas has not filed an answer, a motion to dismiss, or otherwise appeared in the action since being served. Therefore, Plaintiff is not required to serve Rosas with notice of this motion. See Fed. R. Civ. P. 55(b)(2).

defend—or appear at all in this matter—since being served with the summons and the complaint. Rosas' failure to appear for the past three years prejudices Plaintiff by preventing him from determining liability, including damages, against Rosas. Further, Rosas' failure to appear for a substantial period of time demonstrates the lack of excusable neglect.

        *ii.* Second Factor

The Second Factor weighs against finding default judgment appropriate against Defendant Rosas. As a preliminary matter, the Court notes that Plaintiff erroneously asserts what claims it allowed Plaintiff to pursue against Defendant Rosas. Contrary to the default judgment motion's contention, the Court did not allow any failure to protect claim to proceed against Rosas. Rather, as stated above, it only allowed Plaintiff's retaliation and deprivation of property claims to proceed against Rosas. Thus, to the extent that Plaintiff assert or amend in any Eighth Amendment claim against Defendant Rosas in his motion for default judgment—that attempt is rejected.

Instead, the central question to determining the merits of Plaintiff's First Amendment Retaliation and Deprivation of Property claims is when Plaintiff knew or should have known of the injuries underlying the bases of these claims. This is because the claims against Defendant Rosas rely on conduct arising out of events the Court found were not legally cognizable as time barred, namely May 2011.

Generally, to state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004). Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Id. at 568-69.

Separately, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).

1   An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982); Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

"The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." Alameda Books, Inc. v. City of Los Angeles, 631 F.3d 1031, 1041 (9th Cir. 2011). The applicable Nevada statute of limitations, N.R.S. § 11.190(4)(e), establishes a 2-year statute of limitations for personal injury caused by the wrongful acts or negligence of another. See Rosales-Martinez v. Palmer, 753 F.3d 890, 895 (9th Cir. 2014) (citing N.R.S. § 11.190(4)(e)). The statute of limitations period accrues when a party "knows or has reason to know of the injury." Golden Gate Hotel Ass'n v. City and County of San Francisco, 18 F.3d 1482, 1486 (9th Cir. 1994).

The Court incorporates by reference its First Amendment Retaliation Statute of Limitations and Equitable Tolling analyses to find that Plaintiff's First Amendment Retaliation and Deprivation of Property claims are time barred.

Thus, the Court finds that this factor does not weigh in favor of the entry of default judgment against Defendant Rosas.

### iii.  Third Factor

The Third Factor weighs against granting default judgment. As discussed above, the Court granted Defendants' motion to dismiss, finding that all Plaintiff's claims against these Defendants for liability—arising from the same events implicating liability against Rosas—were time barred. In doing so, and as discussed above, the Court declined to find that equitable tolling should toll the statute of limitations as Plaintiff had knowledge of the alleged conduct and access to the necessary information to bring his claims well before he filed his initial complaint in January 2018.

### iv.  Fourth Factor

The Fourth Factor weighs against granting default judgment. Plaintiff's amended complaint seeks compensatory and punitive damages against Defendants that for a total of $1,000,000. The motion for default judgment seeks $9,500 in compensatory damages, $40,000 in punitive damages,

costs and attorneys' fees. Plaintiff, however, does not provide a basis for the amounts sought, nor does he explain how Rosas's alleged liability caused him damages. The First Amendment Retaliation claim also alleges that now dismissed Defendants took part in the conduct underlying Plaintiff's Amended Complaint. Rosas's liability is intertwined with the now dismissed Defendants' alleged liability. Thus, the Court finds that it would be premature at this stage to attempt to assess Rosa's liability, if any, if the Court granted Plaintiff default judgment against Defendant Rosas. This is not fatal, however, as Rule 55(b) allows a court to conduct a subsequent hearing to determine the amount in damages Rosas would be liable for if the Court grants Plaintiff's default judgment motion. See Fed. R. Civ. P. 55(b)(2)(B).

### v. Fifth Factor

The Fifth Factor also weighs against granting default judgment. The Court does not anticipate that there will be a dispute concerning material facts surrounding the First Amendment Retaliation and Deprivation of Property claims because Rosas has failed to appear in this litigation and he is the last Defendant in this action. Nevertheless, in light of its findings as to the Second Factor, the Court finds that this factor weighs against entry of default judgment.

### vi. Seventh Factor

Finally, while the Seventh Factor generally counsels against the granting of default judgment, Rosas's failure to appear prevents the Court from determining the First Amendment Retaliation and Deprivation of Property claims against Rosas on its merits.

In sum, the Eitel factors do not weigh in favor of the entry of default judgment against Rosas.

Separately, the Court has reviewed the docket, including the remaining claims in this action. Because the Court finds that Plaintiff's claims against Defendant Rosas—the only remaining Defendant in this case—are time barred, the Court finds that Plaintiff cannot assert any causes of action that would warrant granting him relief as a matter of law. "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citation omitted). The Court finds this to be the case in this action. Therefore,

Plaintiff's amended complaint is dismissed.

### IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Magistrate Judge Elayna J. Youchah's Report and Recommendation (ECF No. 103) is **ADOPTED** and **ACCEPTED**. Therefore, Defendants Chacon and Garcia are dismissed from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff John Ruiz's Motion to Extend Time (ECF No. 105) is construed as a Motion for Default Judgment against Defendant Raul Rosas and is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff John Ruiz's Motion regarding Clerk's Error (ECF No. 106) is **GRANTED**. The Clerk of the Court is instructed to rename Plaintiff's Motion to Extend Time (First Request) (ECF No. 105) as a Motion for Default Judgment.

Plaintiff's amended complaint is dismissed.  The Clerk is instructed to close this case.

**DATED:** September 30, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**